J-S52026-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RAYMOND LEROY ADAMS, | |
| Appellant | No. 213 WDA 2015 |

Appeal from the Judgment of Sentence of October 15, 2014
In the Court of Common Pleas of Blair County
Criminal Division at No(s): CP-07-CR-0000960-2010
and CP-07-CR-0000961-2010

BEFORE:  SHOGAN, OLSON and WECHT, JJ.

MEMORANDUM BY OLSON, J.:                    **FILED NOVEMBER 09, 2015**

Appellant, Raymond Leroy Adams, appeals from the judgment of sentence entered on October 15, 2014, following the revocation of probation.  Upon review, we affirm.

We briefly summarize the facts and procedural history of this case as follows.  On October 4, 2010, Appellant pled guilty to four counts of possession with intent to deliver (PWID) narcotics.  As per the terms of a plea agreement with the Commonwealth, the trial court sentenced Appellant to an aggregate term of two to four years of incarceration on the first two counts of PWID, followed by a consecutive term of five years of special

probation on the second two PWID counts.[1]  While on parole for the first two counts of PWID, the Pennsylvania Department of Probation and Parole alleged that Appellant committed three technical violations of his probation and parole, including failure to:  (1) receive permission to change residences; (2) report to supervision staff, and; (3) attend and complete batterer's intervention, specifically, the "Men Helping Men" program.  The trial court summarized the resulting procedural history as follows:

> Although [Appellant] admitted to violating his supervision at a parole hearing, [he] contested the violations at the [revocation of probation] hearing on October 14, 2014. After hearing from both parties, the [trial] [c]ourt found [Appellant] had violated his probation as alleged above. The [trial] [c]ourt revoked [Appellant's] five[-]year period[] of special probation [] and resentenced him [] to a period of incarceration of 9 to 24 months at S.C.I. Camp Hill[.]  [This sentence was] consecutive to the []sentence [Appellant] [] received from the Pennsylvania Board of Probation and Parole [as a result of his parole violations].
>
> On October 24, 2014, [Appellant] filed a timely motion for reconsideration of the [trial] court's sentence averring that 9 to 24 months 'was too harsh' as this was [his] first probation violation and the Pennsylvania State Parole Board had sentenced [Appellant] for the same technical violations. The [trial] court denied [Appellant's] motion for reconsideration without a hearing on November 6, 2014. [Appellant] filed a motion for appeal *nunc pro tunc* on December 30, 2014 which the [trial] court granted on January 20, 2015.  [Appellant] filed a notice of appeal on January 29, 2015 and the [trial] court directed [Appellant] to file a concise statement of matters pursuant to Pa.R.A.P.

_____

[1] Special probation directs supervision by the Parole Board by order of the court of common pleas.  **See** 37 Pa.Code §§ 65.1 – 65.7.

1925(b) by order dated February 10, 2015; [Appellant] complied on February 19, 2015.

Trial Court Opinion, 3/27/2015, at 3 (superfluous capitalization and record citation omitted).

On appeal, Appellant presents the following issue for our review:

Whether the [s]entencing [c]ourt abused its discretion and imposed a [] grossly disproportionate [sentence] on [Appellant] for technical violations of his probation [by] failing to adequately consider this was [Appellant's] first violation of probation after serving a two year period of parole, as well as failing to take into account his age?

Appellant's Brief at 9.

Appellant initially "admits there was a basis to find a violation of [his special probation] conditions[.]" *Id.* at 16. He claims the trial court "only considered the violations of probation" but, "did not consider [his] successful period of parole[, which showed that] supervision was working for him[.]" *Id.* at 17. Appellant also claims the trial court failed to take his age into account. *Id.* In sum, he avers the trial court abused its discretion and should have sentenced him to an additional period of probation or six-months of concurrent imprisonment commensurate with the sentence imposed following revocation of his parole. *Id.* at 18.

This claim does not challenge the revocation of Appellant's probation. Rather, Appellant's claim challenges the discretionary aspects of his sentence. *See Commonwealth v. Schutzues*, 54 A.3d 86, 91 (Pa. Super. 2012), *appeal denied*, 67 A.3d 796 (Pa. 2013); *Commonwealth v.*

*Rhoades*, 8 A.3d 912, 916 (Pa. Super. 2010), *appeal denied*, 25 A.3d 328 (Pa. 2011). "[T]his [C]ourt's scope of review in an appeal from a revocation sentencing includes discretionary sentencing challenges." *Commonwealth v. Cartrette*, 83 A.3d 1030, 1034 (Pa. Super. 2013) (*en banc*).

"Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." *Commonwealth v. Clarke*, 70 A.3d 1281, 1287 (Pa. Super. 2013), *appeal denied*, 85 A.3d 481 (Pa. 2014) (citation omitted). Pursuant to statute, Appellant does not have an automatic right to appeal the discretionary aspects of his sentence. *See* 42 Pa.C.S.A. § 9781(b). Instead, Appellant must petition this Court for permission to appeal the discretionary aspects of his sentence. *Id.*

As this Court has explained:

> To reach the merits of a discretionary sentencing issue, we conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, Pa.R.A.P. 902, 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, Pa.R.Crim.P. [708]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 [Pa.C.S.A.] § 9781(b).

*Commonwealth v. Cook*, 941 A.2d 7, 11 (Pa. Super. 2007); *see also Commonwealth v. Kalichak*, 943 A.2d 285, 289 (Pa. Super. 2008) ("when a court revokes probation and imposes a new sentence, a criminal defendant needs to preserve challenges to the discretionary aspects of that sentence

either by objecting during the revocation sentencing or by filing a post-sentence motion").

Here, Appellant filed a timely notice of appeal and the issue was properly preserved in a post-sentence motion. Appellant includes a statement pursuant to Pennsylvania Rule of Appellate Procedure 2119(f) in his brief. Thus, we turn to whether the appeal presents a substantial question.

Since Appellant was sentenced following the revocation of probation, the sentencing guidelines do not apply to Appellant's sentence. 204 Pa. Code § 303.1(b); ***Commonwealth v. Williams***, 69 A.3d 735, 741 (Pa. Super. 2013), *appeal denied*, 83 A.3d 415 (Pa. 2014). "[U]pon sentencing following a revocation of probation, the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence." ***Commonwealth v. Coolbaugh***, 770 A.2d 788, 792 (Pa. Super. 2001) (citation omitted). Thus, in sentencing Appellant, the trial court was required to "consider the general principles and standards of the Sentencing Code." ***Commonwealth v. Russell***, 460 A.2d 316, 322 (Pa. Super. 1983). Section 9721 expresses these general principles in the following manner:

> the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant.

42 Pa.C.S.A. § 9721(b). As we have explained:

> The determination of whether a particular case raises a substantial question is to be evaluated on a case-by-case basis. Generally, however, in order to establish that there is a substantial question, the appellant must show actions by the sentencing court inconsistent with the Sentencing Code or contrary to the fundamental norms underlying the sentencing process.

**Commonwealth v. Marts**, 889 A.2d 608, 612 (Pa. Super. 2005) (internal citations omitted).

In his Rule 2119(f) statement, Appellant states that the trial court's sentence of nine to 24 months' incarceration for technical probation violations is excessive. He contends that he was a good candidate for rehabilitation, because he successfully completed two years of parole before committing technical violations. He also argues that the trial court failed to consider he is 62 years old as a mitigating factor.

We have previously determined that a challenge to the discretionary aspects of a sentence imposed following the revocation of probation presents a substantial question when an appellant "argues that the trial court's sentence is not consistent with the gravity of his violation, the need for public protection, or his needs for rehabilitation" under 42 Pa.C.S.A. § 9721(b). **See Commonwealth v. Cartrette**, 83 A.3d 1030, 1042 (Pa.

Super. 2013) (*en banc*).  Thus, we will review this aspect of Appellant's

claim.[2]

Here, the trial court determined:

> [O]n October 14, 2014, [the trial court] heard testimony from Agent James Yaworksi of the Pennsylvania State Board of Parole and Probation regarding [Appellant's] three alleged violations for changing his approved residence without permission, failing to maintain regular contact with parole supervision staff, and failing to successfully complete Men Helping Men. Agent Yaworksi's testimony demonstrated that [Appellant] admitted to [absconding] in a telephone conversation on March 4, 2014 and in a parole hearing on September 22, 2014.  Agent Yaworski further testified that [Appellant] had failed to maintain regular contact with him after January 3, 2014.
>
> However, the most concerning violation to the [trial court] was [Appellant's] failure to successfully complete Men Helping Men.  [Appellant] who was subject to a special [d]omestic [a]buse condition, was directed numerous times

_____

[2] We note that Appellant also suggests the trial court abused its discretion in sentencing him consecutively to the sentence imposed upon violation of his parole.  Appellant did not present this aspect of his argument in his Rule 2119(f) statement.  Moreover, Appellant's claim does not present a substantial question. ***See Commonwealth v. Dodge***, 77 A.3d 1263, 1270 (Pa. Super. 2013) ("[A] bald claim of excessiveness due to the consecutive nature of a sentence will not raise a substantial question.").  Thus, we will not examine that facet of Appellant's discretionary aspect of sentencing claim.

Moreover, Appellant did not raise the trial court's alleged failure to consider his age in his concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).  He cannot raise the claim for the first time on appeal. ***See*** Pa.R.A.P. 302.  Thus, we are constrained to find this portion of Appellant's claim waived.  ***See Commonwealth v. Hill***, 16 A.3d 484, 488 (Pa. 2011)
("any appellate issues not raised in a compliant Rule 1925(b) statement will be deemed waived.").

to complete Men Helping Men, a well-respected educational course for men who have been involved in [d]omestic [v]iolence. [Appellant] alleged at the [revocation] hearing that he was discharged from Men Helping Men because he was [having trouble reading and writing] and could not complete the required paperwork; he further asserted that the Men Helping Men coordinator was 'very ignorant, rude and disrespectful.' The [trial court] simply did not find [Appellant] credible, particularly his reasons for not successfully completing Men Helping Men.

The record demonstrates that [Appellant] was discharged from this program on August 8, 2013, September 12, 2013, and December 26, 2013 for lack of attendance despite Agent Yaworksi's clear instructions to re-enroll and complete treatment. [Appellant] was provided a fourth and final opportunity to report to Men Helping Men on January 13, 2014, but instead he absconded. Agent Yaworksi testified[:]

> This is not a fellow who simply didn't do a couple of things. This is a guy who decided consciously, even though I told him this would, I literally told him in March in a phone conversation. I said if you walk through the door and turn yourself in, I won't revoke your probation. If I have to arrest you and the cops get you, I'm going to revoke your probation. Five months later he is finally arrested by the police. Here is a person who every day woke up and decided I'm not going to play by the rules. I'm not going to report; they're going to have to come get me. This is not someone who is amenable to supervision. He's not someone who deserves a probation sentence.

It was abundantly clear to the [trial court] that [Appellant] had violated his probation and was incapable of following the conditions of his probation.

\* \* \*

The [trial court] believed that a sentence of 9 to 24 months was necessary based on [Appellant's] refusal to comply with the probation conditions; moreover, this sentence would

> provide [Appellant] with sufficient time to successfully complete the necessary rehabilitation programs required by the Department of Corrections.

Trial Court Opinion, 3/27/2015, at 4-7 (record citations omitted).

Here, the trial court credited the probation officer's testimony over Appellant's testimony. We will not usurp those credibility determinations. *See Commonwealth v. Emler*, 903 A.2d 1273, 1277 (Pa. Super. 2006) ("As a reviewing court, we may not re-weigh the evidence, substitute our judgment for that of the fact-finder, or usurp the fact-finder's prerogative to make credibility determinations and accept all, part, or none of the evidence."). The trial court looked at the gravity of his probation violations and determined Appellant absconded from supervision and treatment. Appellant's probation officer gave him multiple opportunities to comply with the terms of his probation and he refused them. It took police seven months to arrest him. As a result, the trial court declared Appellant a poor candidate for rehabilitation and imposed a sentence of total incarceration to protect the public. We conclude the trial court carefully weighed the factors set forth in Section 9721. Thus, we discern no abuse of discretion in imposing Appellant's sentence following the revocation of his probation.

Judgment of sentence affirmed.

Judgment Entered.

- 9 -

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/9/2015